UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>LILLIE PARKER, et al.,<br><br>            Defendants. | Case No. 16-cv-02304-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On April 27, 2016, Defendants removed this unlawful detainer action from Alameda County Superior Court. However, as it appears that jurisdiction is lacking, this case should be remanded to state court. As Defendants did not yet consent to magistrate judge jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to Alameda County Superior Court.

## LEGAL STANDARD

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

1    the defendants, to the district court of the United States for the district and division embracing the
2    place where such action is pending." However, the removal statutes are construed restrictively so
3    as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09
4    (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).
5    The burden of establishing federal jurisdiction for purposes of removal is on the party seeking
6    removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must
7    remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.
8    28 U.S.C. § 1447(c); *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 936 (9th
9    Cir. 2003).

10   Subject matter jurisdiction is determined from the face of the complaint. *Toumajian v.
11   Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question
12   must appear on the face of the complaint"); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386,
13   392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint);
14   *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of
15   diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be
16   based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas, LLC*,
17   653 F.3d 1024, 1029 (9th Cir. 2011).

## DISCUSSION

19   Here, the face of the complaint, which asserts only one state law claim for unlawful
20   detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does
21   not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*,
22   2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL
23   4916578, at *2 (C.D. Cal. Nov. 22, 2010).

24   Further, even if Defendants alleged diversity jurisdiction, Plaintiff brought this action in
25   California, as the property at issue is located in the state. Where diversity is cited as a basis for
26   jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the
27   plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. §
28   1441(b); *Homesales, Inc. v. Amora,* 2012 WL 2061923, at * 1 (N.D. Cal. June 5, 2012) (citing 28

United States District Court
Northern District of California

1  U.S.C. § 1441(b)(2) (stating that a civil action "removable solely on the basis of the jurisdiction
2  under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and
3  served as defendants is a citizen of the State in which such action is brought"); *Lincoln Prop. Co.*
4  *v. Roche*, 546 U.S. 81, 89 (2005)) (granting plaintiff's motion to remand unlawful detainer case
5  because defendants were California citizens and action had originally been brought in California
6  state court).

7  Moreover, the amount in controversy requirement does not appear to be met because the
8  damages claim in this case is under $10,000. Under 28 U.S.C. § 1332(a), a district court has
9  original jurisdiction over civil actions only where the amount in controversy, exclusive of interest
10 and costs, exceeds $75,000. In unlawful detainer actions, the amount of damages sought in the
11 complaint, not the value of the subject real property, determines the amount in controversy, and,
12 pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited
13 civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars
14 ($25,000) or less." Cal. Civ. Pro. § 86(a)(4). Thus, even where an unlawful detainer action
15 involves foreclosure on a mortgage that exceeds $75,000, the amount of the mortgage does not
16 satisfy the amount in controversy requirement. *Deutsche Bank Nat'l Trust v. Heredia*, 2012 WL
17 4747157, at *2 (N.D. Cal. Oct. 3, 2012) (holding that the amount in controversy requirement was
18 not met even where the mortgage was valued at over $75,000).

19 Finally, an anticipated federal defense or counterclaim is not sufficient to confer
20 jurisdiction. *See Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002);
21 *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "A case may
22 not be removed to federal court on the basis of a federal defense, . . . even if the defense is
23 anticipated in the plaintiff's complaint." *ARCO Envtl. Remediation, LLC v. Dept. of Health and*
24 *Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy*
25 *Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does
26 not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is
27 anticipated in the plaintiff's complaint."). Thus, any anticipated defense is not a valid ground for
28 removal. *See e.g., Nguyen v. Bui*, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that

affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim); *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. March 29, 2010) (answer asserting plaintiff violated the Protecting Tenants at Foreclosure Act does not confer federal jurisdiction over unlawful detainer claim).

## CONCLUSION

As jurisdiction appears to be lacking, the hereby **RECOMMENDS** that this case be remanded to Alameda County Superior Court. The Clerk of Court shall reassign this case to a district court judge.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: May 3, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge