UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LILLIE PARKER, et al.,<br><br>Defendants. | Case No. 16-cv-02304-EMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; REMANDING CASE TO STATE COURT**<br><br>Docket Nos. 3-5, 7 |

On March 1, 2016, Plaintiff Equity Residential Management, LLC filed the instant unlawful detainer action against Defendants Lillie Parker, Vernest Parker, and Jamaal Parker. Docket No. 1 (Not. of Removal) at 5-11. On April 27, 2016, Defendants removed the action to federal court, asserting federal question jurisdiction. Defendants also filed motions to proceed *in forma pauperis*. Docket Nos. 3-5.

On May 3, 2016, Judge James issued her report and recommendation, recommending that the Court remand the case to state court for lack of jurisdiction. Docket No. 7 (R&R). Specifically, Judge James found that there was no federal question jurisdiction because the complaint asserted only one state law claim for unlawful detainer. *Id.* at 2. Judge James also concluded that there was no diversity jurisdiction because the defendants appear to be citizens of the state in which the plaintiff originally brought the action, *i.e.*, California. *Id.* at 2-3; *see also* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Furthermore, the amount in controversy was not met because the damages claim is for

1  under $10,000, well under the jurisdictional requirement of $75,000.  *Id.* at 3; *see also* Cal. Civ.
2  Proc. § 86(a)(4) (stating that an unlawful detainer is a limited civil action where the "whole
3  amount of damages claimed" must be "twenty-five thousand ($25,000) or less").
4      The R&R was served on Defendants by mail that same day.  *See* Docket No. 7-1.  The
5  Court has not since received any objection to the R&R from Defendants.  *See* Fed. R. Civ. P.
6  72(b)(2) (providing that "[w]ithin 14 days after being served with a copy of the recommended
7  disposition, a party may serve and file specific written objections to the proposed findings and
8  recommendation.").  Plaintiff has filed a statement of non-opposition to the R&R.  Docket No. 10.
9      The Court has reviewed Judge James's report and recommendation; finds it correct, well-
10 reasoned, and thorough, and therefore adopts it in every respect.  Hence, the Court now **ADOPTS**
11 Judge James's well-reasoned report and recommendation, and **REMANDS** the instant case to the
12 Superior Court of Alameda County.  Defendants' motions to proceed *in forma pauperis* are
13 **DENIED** as moot.  The Clerk of the Court is instructed to close the case.
14     This order disposes of Docket Nos. 3-5 and 7.

16     **IT IS SO ORDERED**.

18 Dated: May 24, 2016

                                    EDWARD M. CHEN
                                    United States District Judge